(Court of Appeal, Parish of Orleans.)

## A. P. LOYACANO vs. PROPERTY HOLDERS MU-TUAL AID FIRE INDEMNITY SOCIETY.

A clause in a policy of insurance reading: "If movables are removed without the consent of the Association, the right to indemnity shall cease," does not mean that the entire policy is forfeited by the removal of part of the movable effects, but only that the right to indemnity shall cease as to the effects so removed.

Appeal from the Civil District Court, Division "C."

Geo. Montgomery, G. Fernandez, for plaintiff and appellant.

J. A. Charbonnet, defendant and appellee.

ST. PAUL, J.—This suit involves only the interpretation of certain clauses in an insurance policy, and in the charter of a mutual insurance company, made part thereof.

The first is a clause in the policy itself, which offers no room for interpretation. It is that clause which declares that no indemnity shall be due for a building destroyed by fire which stands on land that does not belong to the assured.

In the case at bar the building destroyed by fire stood on land of which the plaintiff was the lessee and not the owner. He can therefore recover no indemnity for the burnt building.

The other is a clause of the charter reading as follows: "If movables are removed without the consent of the As-

sociation, the right to indemnity shall be forfeited."

This clause also offers but little room for interpretation; it has precisely the same meaning as the written clause in the policy itself which provides that the movables are insured whilst they are contained in certain designated premises.

That is to say, the entire policy is not forfeited by a removal of part of the movable effects from the designated premises, but only the right to indemnity for the goods so removed; the right to indemnity for the effects which still remain, being unimpaired.

In this case there is no charge of fraud, and the effects still remaining in the designated premises and destroyed by fire are shown to be worth $67.50.

It is therefore ordered that the judgment herein appealed from be reversed, and it is now ordered that plaintiff A. P. Loyacano, do have judgment against the defendant the Property Holders Mutual Aid Fire Indemnity Society for the full sum of sixty-seven 50/100 dollars, with legal interest from judicial demand until paid and the costs of both Courts.

April 17th, 1912.

————o————

5553.

(Court of Appeal, Parish of Orleans.)